

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Shelby K. Long
County Attorney
Jefferson County
Beaumont, Texas

Dear Sir:

Opinion No. 0-7325
Re: Legality of employment by
Commissioners Court of
Jefferson County of a per-
manent tax expert independ-
ently of the Assessor's
office to set the valuations
on industrial property and
related questions.

From your request for our opinion, we quote in part
the following:

"Can the Commissioners Court employ a Permanent
Tax Expert independently of the Assessor's office and
against his wishes to set the valuation on industrial
property, and further, can the Commissioners Court
sitting as a Board of Equalization, accept the valua-
tion of said Tax Expert, without any regard as to the
assessed valuation and recommendations of the duly
elected and qualified Tax Assessor-Collector?"

Inasmuch as the term "permanent tax expert" is without
legal significance, and you have not defined the meaning of your
use of this term to us, we, therefore, do not, in this opinion,
consider the legal limit of the duration of a contract by the
Commissioners Court for the employment of tax consultants.

We direct your attention to the case of Roper vs. Hall,
280 S. W. 289, wherein the Waco Court of Civil Appeals upheld the
validity of a contract between the Commissioners Court of Freestone
County and a firm of evaluation engineers, skilled in the valua-
tion of oil and gas property. The opinion, written in the fore-
going case, states:

"Authority to make such a contract as the one
under consideration is not conferred by the terms
of revised statute 2351, which specified the general
powers and duties of Commissioners Courts, nor have
we found any other statutory provisions which can be
said to expressly authorize such action. Express
authority, however, is given to the Commissioners
Court over the subject of levying taxes and requiring

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Shelby K. Long - Page 2

all property situated in the county to be properly assessed and to bear its portions of the burden of taxation according to its value. The general powers so given to the Commissioners Court are of little practical value without the further authority to use adequate means to insure proper, intelligent and effective exercise thereof. The Constitution requires and public policy demands that all taxable property shall contribute its just proportion to the expenses of government. The purpose of the contract under consideration was to aid in procuring such results. The services contracted to be rendered called for information and experience not possessed by the ordinary person. So far as they affected the discovery, assessment and valuation of unrendered oil property, they could not have been performed by the County Assessor unless he possessed extraordinary information and experience along the required lines. . . .Neither could the Commissioners Court sitting as an Equalization Board perform its functions effectively without such expert aid. The Court so declared in effect, when it entered into the contract. It does not appear that it was the intent or effect of the contract that Pickett should perform the duties imposed by law on any of the officers concerned. On the contrary it does appear and its purpose was merely to aid such officers in the effective performance of their respective duties. . . .The making of the contract under consideration was within the implied powers possessed by the Commissioners Court of Freestone County and such contract did not contemplate the performance by said Pickett of duties imposed by law upon either the Assessor or the Commissioners Court."

The opinion in the foregoing case has been followed by the El Paso Court of Civil Appeals in the case of Federal Royalty Company vs. State, 42 S.W. (2d) 670, and by dictum in the case of Marquart vs. Harris County, 117 S.W. (2d) 494, and in opinion No. 0-5909 of this department, a copy of which is enclosed for your benefit.

Inasmuch as modern industrial property, as well as oil and gas property, can be properly valued only by a person having the requisite peculiar skill and technical knowledge of these matters, we conclude that the Commissioners Court of Jefferson County has the legal authority to employ a Tax Expert to advise the Commissioners Court and/or the Tax Assessor-Collector of his opinion of the values of various industrial property within the county.

Of course, the so-called "Tax Expert" could not himself legally set the valuation on industrial properties as this official duty is by Article 7206 and 7212, V.A.C.S., vested in the Commissioners Court, sitting as a Board of Equalization.

Neither should it be implied from our opinion that the employed "Tax Expert" can make the official assessment of property for tax purposes, as such duty is by law made the official duty of the Tax Assessor-Collector. In Roper vs. Hall, supra, the Waco Court of Civil Appeals recognized that the proper function of an employed Tax Expert or Evaluation Engineer was to assist and to advise either or both the Tax Assessor-Collector and the Board of Equalization in such technical matters pertaining to property valuation, not known to the ordinary person, and not to substitute nor perform the official duties vested in the Tax Assessor-Collector and the Board of Equalization.

In answer to your second question, we direct your attention to the following statutes. Article 7206, Section 1, V.A.C.S., provides:

"They (Board of Equalization) shall cause the assessor to bring before them at such meeting all said assessment lists, books, etc., for inspection, and see that every person has rendered his property at a fair market value, and shall have power to send for persons, books and papers, swear and qualify persons, to ascertain the value of such property, and to lower or raise the value on the same." (Insertions ours)

Article 7212, V.A.C.S., states:

"The boards of equalization shall have power, and it is made their official duty, to supervise the assessment of their respective counties, and, if satisfied that the valuation of any property is not in accordance with the laws of the State, to increase or diminish the same and to affix a proper valuation thereto, as provided for in the preceding article; and, when any assessor in this State shall have furnished said court with the rendition as provided for in the preceding article, it shall be the duty of such court to call before it such persons as in its judgment may know the market value or true value of such property, as the case may be, by proper process, who shall testify under oath the character, quality and quantity of such property, as well as the value thereof.

Hon. Shelby K. Long — Page 4

    Said court, after hearing the evidence, shall fix
    the value of such property in accordance with the
    evidence so introduced and as provided for in the
    preceding article; and their action in such case or
    cases shall be final."

        It is beyond reasonable doubt from the foregoing statutes,
that the Commissioners Court sitting as a Board of Equalisation
shall consider both the valuations set by the Tax Assessor-Collector
and the opinion of property values presented by any person, including
an employed Tax Expert, called before the Board of Equalization to
testify under oath before the Board of Equalization, in determining
official valuations.

        Trusting that the foregoing has fully answered your quest-
ions, we remain

                                    Yours very truly

                                    ATTORNEY GENERAL OF TEXAS

APPROVED SEP 23, 1946

                                    By Stewart W. DeVore
FIRST ASSISTANT                         Assistant
ATTORNEY GENERAL

SWDeV:djm

Enclosure

